UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ERIC J. WILLIAMS,

Plaintiff.                                                                          Case No.: 1:21-cv-1039

v.

ROCHESTER INSTITUTE OF TECHOLOGY,

Defendant.

_____

## JURY TRIAL DEMANDED

Plaintiff demands a jury to try all claims triable by a jury.

## PRELIMINARY INTRODUCTION

1. This is an action brought pursuant Title VII of the Civil Rights Act of 1964, 42 U.S.C.§§ 2000 et seq., as amended, and 42 U.S.C. § 1981.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 2000 (e), 29 U.S.C. § 1331, 42 U.S.C. § 1981.

3. Venue is proper pursuant to 28 U.S.C. §1391.

## ADMINISTRATIVE EXHAUSTION

4.        Plaintiff ERIC J. WILLIAMS ("Plaintiff Williams" or "Mr. Williams") filed charges of discrimination   with New York State Division of Human Rights which crossed filed with  Equal Employment Opportunity Commission ("EEOC").

5.        He was issued a Notice of Right to  Sue on  June 17, 2021 which was received by him on or about June  22, 2021 and a second Notice of Right to Sue

on June 22, 2021 which was received by him on or about June 25, 2021.

6.  He has timely exhausted all of his claims of discrimination herein and has filed this Complaint with the District Court for the Western District of New York within 90 days of receipt of both his Notices of Right to Sue.

## **THE PARTIES**

7. Mr. Williams is an individual black male who resides in Monroe County.

8. Mr. Williams was hired by Defendant Rochester Institute of Technology ("Defendant RIT" or "Defendant") as an officer in the Public Safety Department on or about July 11, 2011.

9. Defendant RIT is New York private research university in the town of Henrietta in the Rochester, New York metropolitan area of Monroe County. It offers undergraduate and graduate degrees, including doctoral and professional degrees and online masters as well.

10. At all relevant times, Defendant RIT was an "employer" of Plaintiff within the meaning of applicable statutes as well as federal and state law. In doing the acts herein alleged, Defendant RIT's employees, subcontractors, and agents acted within the course and scope of their employment and agency with Defendant RIT and engaged in the acts alleged herein and/or conducted, permitted, authorized, and/or ratified the conduct of its employees, subcontractors, and agents, and is vicariously liable for the wrongful conduct of its employees, subcontractors, and agents alleged herein.

11. Plaintiff is an "employee" within the meaning of applicable statutes as well as well federal and state law.

**FACTUAL ALLEGATIONS**

12. Defendant RIT has engaged in a pattern of discrimination and retaliation against Mr. Williams.

13. When he was promoted to a sergeant in the Public Safety Department of Defendant RIT in 2016, he was not offered standard pay for the position.

14. In 2017, Mr. Williams upon learning that certain while employees such as Jake Griffin and Stephanie Mckowski received hefty wage increase complained to his white male supervisor, David Edborg ("Edborg").

15. During a meeting where Mr. Williams reiterated his complaint about race-based pay disparity at Defendant RIT, Edborg and Gary Moxley, Director of Public Safety falsely insisted that his hourly wage was the same as other employees in the department and no one would be receiving any more raises that fiscal year.

16. Yet, to the contrary, 2 months later, in April of 2018, two white male employees, Anthony Yazback and Mark Koehler received hefty raises.

17. Mr. Williams immediately filed a complaint with Human Resources representative, Cliff Edington ("Edington") who held a meeting where he disclaimed the unequal pay claim, attempted to show Mr. Williams other people's pay rate to pacify him despite showing him employees that were at different lower wage bands but earning the same or more than him. Edington concluded by suggesting that Mr. Williams submit a resume to him so he could assist him in finding another position with Defendant RIT.

18. Mr. Williams also learned that a white employee, Lucas Decker was not only

promoted on July 1, 2018, less than year after the start of his employment, but after complaining about his pay rate, received a pay increase to 90% of his wage band's midpoint, the same standard that Mr. Williams had similarly complained about and requested.

19. From April 2018 and thereafter, Mr. Williams was refused supervisory pay rate despite filling in for various supervisors on leave. Yet, white employees such as Adam Liesegang, Jacob Griffin, and Stephen McKowski were not only paid supervisory pay when covering a supervisor's shift by McKowski admitted directly to Mr. Williams that she was being compensated even after ending her interim positions.

20. Mr. Williams also confronted Liesegang who admitted via text message to receiving supervisor pay for filing in for a lieutenant and also a subsequent pay increase after initial denying same.

21. In July of 2018, Mr. Williams was passed over for the position of lieutenant for Griffin (white male) who did not meet the minimum requirements like Mr. Williams did but was still given the position.

22. When Mr. Williams complained to Edborg, he stated that Griffin was selected for having a master's degree but that was not a requirement. In fact, Edborg personally selected Griffin to be interim Sergeant in April 2018 with Mr. Williams not being offered the opportunity. Griffin with only 3 (three) months supervisory experience and not being able to even complete necessary job duties such as timecards and signoffs for bi-weekly paychecks.

23. Mr. Williams had been a supervisor for over 1,5 years by that time, was one rank

4

lower than the position on that exact shit and met all the requirements for qualifications but was passed over.

24. Mr. Williams observed the same treatment for his black counterparts such as Wayne Southerland and Nathaniel Sullivan who were demoted from supervisory roles in favor of or after younger white officers complained.

25. After having complained about the race-based pay disparity and discrimination he endured, Mr. Williams would face further discrimination and now retaliation at the hands of the very supervisors he complained about.

26. In April of 2019, he was written up by Griffin and Edborg and falsely accused of incorrectly mandating Officer Mark Baum despite following General Order 4.04 as he always did.  During the disciplinary meeting, Mr. Williams was yelled at and intimidated by Griffin while Edborg looked on.  The aggression and intimidation tactic were so abusive that Mr. Williams had to leave work that day. The harassment would continue causing mental anguish to Mr. Williams.

27. Mr. Williams was then falsely written up for allegedly not securing a gate, a gate that is frequently left open not to mention that he was not assigned to that patrol area and was out on an investigation assignment at that time.

28. Mr. Williams complained to Edington, he was invited to a meeting where he requested a shift change to escape harassment from Griffin and Edborg, noting he had complained about them in the past and they were retaliating against him. Edington did not conduct an investigation or otherwise address Mr. Williams' complaint.

29. Mr. Williams then took a leave of absence to escape from the discrimination.  He

requested a return to work with a shift change but Moxley refused. Eventually, because Defendant RIT refused any paid leave or disability coverage, he was forced to return and constructively discharged himself in order to take a shift that differed from Griffin.

## FIRST CAUSE OF ACTION:

### DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981AS AND AGAINST DEFENDANT RIT

30. Plaintiff repeats and re-alleges by reference each and every allegation contained in paragraphs stated above and incorporates the same as thoughfully set forth herein.

31. In engaging in the conduct described above, Defendant RIT deprived Plaintiff, a black male, of his civil rights pursuant to 42 U.S.C. §1981, in particular, the racial discrimination and disparate treatment suffered by Plaintiff violated the law.

32. But for his race, he would not have suffered economic and emotional injury as well as loss of his contractual right to employment.

33. The discrimination suffered by the Plaintiff on account of his race was egregious and shocking to the conscience. As a direct result, Plaintiff was caused to undergo the humiliation and indignities from the racially discrimination he suffered and was caused and will continue to undergo and endure severe mental anguish, humiliation and economic hardship as a consequence thereof.

34. As a result of the Defendant's deprivations of Plaintiff's civil rights, Plaintiffhas been damaged in an amount to be determined by a jury at the time of trial.

35. Plaintiff demands costs and attorney fees pursuant to 42 U.S.C. § 1988.

## SECOND CAUSE OF ACTION:

### RETALIATION IN VIOLATION OF 42 U.S.C. § 1981AS AND AGAINST DEFENDANT RIT

36. Plaintiff repeats and re-alleges by reference each and every allegation contained in paragraphs stated above and incorporates the same as thoughfully set forth herein.

37. In engaging in the conduct described above, Defendant RIT retaliated against Plaintiff in violation of 42 U.S.C. §1981 after he engaged inprotected activity.

38. The retaliation suffered by the Plaintiff was egregious and shocking to the conscience, causing Plaintiff to undergo the humiliation and indignities from retaliation he suffered and was caused and will continue to undergo and endure severe mental anguish, humiliation and economic hardship as a consequence thereof.

39. As a result of the Defendant's deprivations of Plaintiff's civil rights, Plaintiffhas been damaged in an amount to be determined by a jury at the time of trial.

40. Plaintiff demands costs and attorney fees pursuant to 42 U.S.C. § 1988.

## THIRD CAUSE OF ACTION:

### RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF CIVIL RIGHTS ACT OF 1964 AS AND AGAINST DEFENDANT RIT

41. Plaintiff repeats and re-alleges by reference each and every allegation contained in the above stated paragraphs and incorporates the same as though fully set forth herein.

42. Defendant RIT, through its agents, engaged in a continuing pattern of unremedied race discrimination by subjecting Plaintiff to disparate treatment on the basis of his race in violationof Title VII of the Civil Rights Act of 1964, as amended.

43. As a result of Defendant RITs illegal actions, Plaintiff has suffered loss of past and future income in the form of salary and benefits, loss of careeropportunity, injury to his health, emotional distress, mental anxiety, loss ofenjoyment of life, damage to his reputation and humiliation. Plaintiff will continue to suffer these irreparable injuries and monetary damages as a result of Defendants RIT'S discriminatory practices unless and until this Court grants relief.

## FOURTH CAUSE OF ACTION:

### RETALIATION IN VIOLATION OF TITLE VII OF CIVIL RIGHTS ACT OF1964 AS AND AGAINST DEFENDANT RIT

44. Plaintiff repeats and re-alleges by reference each and every allegation contained in the above stated paragraphs and incorporates the same as though fully set forth herein.

45. Plaintiff, in good faith, complained multiple times to Defendant RIT of discrimination that occurred in the workplace based on his race.

46. Plaintiff therefore engaged in protected activity under Title VII.

47. Plaintiff was subject to retaliation as a result in the form of a false discipline, lower pay and harassment.

48. There was a causal connection between Plaintiff's engagement in protected activity and the retaliatory termination he suffered.

49. Defendant RIT engaged in illegal retaliation because Plaintiff hadcomplained

of discrimination.

50. Defendant had no legitimate business reason for any discipline.

51. As a result of Defendant RIT's illegal actions, Plaintiff has suffered loss of past and future income in the form of salary and benefits, loss of careeropportunity, injury to his health, emotional distress, mental anxiety, loss ofenjoyment of life, damage to his reputation and humiliation. Plaintiff will continue to suffer these irreparable injuries and monetary damages as a result of Defendants RIT'S discriminatory practices unless and until this Court grants relief.

WHEREFORE, Plaintiffs demands judgment in their favor on all of the abovestated causes of action.

Dated:  September 20, 2021  /s/Prathima Reddy
       Buffalo, New York  Prathima Reddy Esq.
The Reddy Law Firm LLC455 Linwood Avenue
Buffalo, NY 14209
preddy@thereddylaw.com
646-468-4257 (cell)